Filed 11/1/13  In re C.D. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re C.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.D.,<br><br>Defendant and Appellant. | F067075<br><br>(Tulare Super. Ct. No. JJD066158)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Erik R. Beauchamp, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

---

[*]     Before Levy, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Appellant C.D., a minor, was declared a ward of the juvenile court (Welf. & Inst. Code, § 602) based on his admission of two misdemeanor counts. On appeal, his appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Probation

On June 27, 2012, appellant was adjudged a ward of the juvenile court and placed on formal probation in Tulare County based on his admission to committing two counts of misdemeanor vandalism (Pen. Code, § 594, subd. (a)), and one count of misdemeanor criminal threats (Pen. Code, § 422).

The court ordered appellant to attend counseling for anger management, and drug and alcohol problems. He was also ordered to attend individual, group, and family counseling; abstain from the use of marijuana, alcohol, and controlled substances; abide by a 9:00 p.m. curfew; pay restitution fines and fees; complete 40 hours of community service; attend school regularly; and abide by his parents' directives.

### Theft of camera and equipment

On September 11, 2012, appellant's mother reported to the Porterville Police Department that she suspected appellant had stolen a Nikon digital SLR camera and two camera lenses from her several days earlier. According to appellant's mother, appellant said he took the items to settle a $200 debt, and he could recover the camera if she gave him $100. Appellant's mother gave him the money, but appellant left the house and she had not seen him since September 6, 2012.

2.

Appellant's mother told his probation officer that appellant said he took the property to pay his drug dealer. She said appellant was out of control and she was afraid he would assault her or someone in their family.

On February 9, 2013, police officers took appellant into custody on an active warrant. Appellant said his mother and stepfather kicked him out of the house, and he did not voluntarily leave. Appellant said he stole his mother's camera to make her upset, and he later sold it so he could get some money to survive. Appellant admitted he had been using drugs again, and he failed to take his prescribed medication for his mental health issues. Appellant said he was not physically or mentally stable, he had serious mental health problems, and he had previously attempted suicide.

**Instant petition**

On October 5, 2012, a juvenile petition was filed in the Superior Court of Tulare County which alleged that appellant committed count I, felony grand theft of personal property (Pen. Code, § 487, subd. (a)); and count II, misdemeanor false pretenses (Pen. Code, § 532, subd. (a)).

A notice of probation violation was also filed based on appellant's conduct of absconding from his residence; his failure to enroll in mental health treatment, anger management, and individual and family counseling; abstain from the use of drugs; complete 40 hours of community service; attend school on a regular basis; abide by the set curfew; abide by his parents' directives, and make any payments toward restitution fees.

**Appellant's admissions and the dispositional order**

On March 1, 2013, appellant admitted the new violations, and the court reduced the grand theft charge to a misdemeanor. Appellant also admitted the probation violation allegations.

On March 21, 2013, the court conducted the disposition hearing and adjudged appellant a ward of the court. The probation officer recommended appellant's placement

3.

with his mother, instead of a custodial situation, to receive services for substance abuse, family dysfunction, and mental health issues. The court disagreed because appellant failed to deal with these issues when he was previously placed at home.

The court ordered appellant to the short term program at Tulare County's Youth Treatment Center Unit, under the probation department's supervision, for 90 to 180 days, so he could receive psychiatric treatment and medication in a custodial environment. After completing the custodial program, appellant would be placed on probation subject to specific terms and conditions, including attendance of an after-care program to help him readjust to life at home. The maximum term of confinement was two years four months.

On April 8, 2013, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on July 31, 2013, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4.